IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

BEATRICE KOON, as mother and    :
next friend of Elijah Glay,
et al.                          :

     v.                         :    Civil Action No. DKC 17-2799

                                :
PRINCE GEORGE'S COUNTY, MD,
et al.                          :

                          **MEMORANDUM OPINION**

Prince George's County, Prince George's County Police Department and Corporal Tavarras Edwards ("Defendant Edwards") (collectively, "Defendants") filed a motion for summary judgment in this civil rights action on March 15, 2018. (ECF No. 44). Defendant's motion was granted in part and denied in part in a memorandum opinion and order issued on March 22, 2019. (ECF Nos. 48 & 49). The motion was denied as to Plaintiffs' claim against Defendant Edwards for excessive force under 42 U.S.C. § 1983, and Defendant Edwards filed a motion to reconsider on April 18, 2019. (ECF No. 51). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to reconsider will be denied.

**I.   Standard of Review**

Defendant Edwards cites Federal Rule of Civil Procedure 59(e) as the standard of review. (ECF No. 51-1, at 2). However, the order partially denying Defendant Edwards' motion for summary

judgment was an interlocutory order rather than a judgment. The appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b). *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). The standard governing a motion for reconsideration of an interlocutory order, as enumerated by the United States Court of Appeals for the Fourth Circuit, resembles the Rule 59 standard:

> "Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson* [*v. Bos. Sci. Corp.*], 856 F.3d [320,] [] 325 [(4th Cir. 2017)].
>
> Nevertheless, the discretion afforded by Rule 54(b) "is not limitless," and we "have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id*. This is because, while Rule 54(b) "gives a district court discretion to revisit earlier rulings in the same case," such discretion is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it

2

> again." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted).
>
> Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson*, 856 F.3d at 325 (internal quotation marks and alteration omitted). "This standard . . . departs from [Rule 59] by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.*

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018).

**II. Analysis**

Defendant Edwards argues that his lone statement "that Mr. Glay disobeyed [his] commands and reached into the bag" is sufficient evidence to conclude that Defendant Edwards did not violate Mr. Glay's constitutional rights and thus to grant Defendant Edwards qualified immunity. (ECF No. 51-1, at 2 & 9). Defendant Edwards' motion, however, references a litany of evidence that neither party provided when briefing the motion for summary judgment. (*See* ECF No. 51-1, at 4-8). The new evidence is attached to Defendant Edwards' motion and includes: (1) the statement of Romeo De la Cruz, Jr. (ECF No. 51-4); (2) interview transcripts of firefighter Matt Tomlins and Lighthouse at Twin

Lakes resident Ronald Huggins (ECF Nos. 51-5 & 51-8); (3) a photo of Mr. Glay's body at the scene of the shooting (ECF No. 51-7); and (4) his own affidavit affirming the content of the photo (ECF No. 51-6). Thus, Defendant Edwards implicitly argues that reconsideration is warranted to account for new evidence. Defendant Edwards' motion attempts to take a second bite at the apple. He provides no explanation as to why the evidence was not submitted with his original motion for summary judgment and uses the evidence to rehash the same arguments already considered and rejected by the court. However compelling the additional evidence may be, a Rule 54(b) motion to reconsider "is not a license to . . . present new evidence." *Carrero v. Farrelly*, 310 F.Supp.3d 581, 584 (D.Md. 2018) (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001). Additionally, the Fourth Circuit has "consistently affirmed denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking." *Carlson*, 856 F.3d at 326. Defendant Edwards' provision of new evidence without explanation as to its tardiness in his motion for summary judgment does "not amount to the type of evidence constituting grounds for a valid motion for reconsideration." *Id.* Thus, the evidence does not warrant reconsideration and will not be considered in analyzing Defendant Edwards' remaining arguments for reconsideration.

Second, Defendant Edwards explicitly argues that reconsideration is warranted to correct clear errors of law. (ECF No. 51-1, at 2). Defendant Edwards takes issue with the standard used to conclude that he failed to meet the burden for summary judgment. He specifically asserts that his exculpatory statement must be accepted as true because "no forensic evidence, expert opinion, [or] police report exist[s] to" contradict it. (ECF No. 51-1, at 2). Defendant Edwards also disputes the court's reliance on *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001), arguing that it is factually dissimilar from the events in question here. (ECF No. 51-1, at 3). Lastly, Defendant Edwards takes issue with the standard used to consider his entitlement to qualified immunity. (ECF No. 51-1, at 9).

Defendant Edwards' arguments misconstrue the court's opinion and raise the same points already evaluated and rejected in response to his motion for summary judgment. The opinion was not skeptical of Defendant Edwards' veracity, but instead questioned whether Defendant Edwards' self-serving account could be accepted despite a combination of lacking and conflicting evidence. Further, the narrative differences in *Deorle* are immaterial. The opinion did not cite *Deorle* as factually analogous, but relied on it as guidance for determining the correct standard in deadly force cases where an officer states that he fears for his safety. Indeed, the Fourth Circuit similarly advised against making

assumptions in the officer's favor based on self-serving factors and stated that the court must "account for [ ] facts and the reasonable inferences that could be drawn from them in the [Plaintiff]'s favor." *Estate of Jones by Jones v. City of Martinsburg, W. Virginia*, 726 F.App'x 173, 179 (4th Cir. 2018). Finally, Defendant Edwards' argument in favor of qualified immunity repeats the argument in his motion for summary judgment and fails to state how the court's qualified immunity holding constitutes a clear error of law. A Rule 54(b) motion may not be used to "relitigate the merits of the issues [previously] decided by the [c]ourt[,]" which is precisely what Defendant Edwards attempts here. *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 18 F.Supp.3d 662, 679 (D.Md. 2013); *see also Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F.Supp.2d 470, 481 (D.Md. 2013). Thus, Defendant Edwards' argument that the court committed a clear error of law is an insufficient basis for the extraordinary remedy of reconsideration under Rule 54(b).

**III. Conclusion**

For the foregoing reasons, the motion for reconsideration will be denied. A separate order will follow.

                                     /s/
                        DEBORAH K. CHASANOW
                        United States District Judge