IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEATRICE KOON, as mother and :
next friend of Elijah Glay,
et al. :

    v. : Civil Action No. DKC 17-2799

                             :

CORPORAL TAVARRAS EDWARDS
                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action is the motion to continue trial filed by Plaintiffs, Beatrice Koon, as mother of the deceased Elijah Glay, and N.G., Mr. Glay's daughter. (ECF No. 61). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to continue will be denied and the case will be dismissed for failure to prosecute.

**I. Background**

This case stems from Defendant Officer Tavarras Edwards's shooting of Mr. Glay, who was unarmed.

On September 30, 2016, Plaintiffs filed a complaint in the Circuit Court for Prince George's County, Maryland asserting negligence and wrongful death claims. (ECF No. 2). On July 31, 2017, Plaintiffs filed an amended complaint to include excessive force claims under 42 U.S.C. § 1983. (ECF No. 30). Defendants

then removed this action to the United States District Court for the District of Maryland. (ECF No. 1).

On February 16, 2018, discovery closed and the parties' status report was due. (ECF No. 42). Defendants filed a status report, but Plaintiffs did not provide input. (ECF No. 43). On March 15, 2018, Defendants filed a motion for summary judgment. (ECF No. 44). On April 25, 2018, after Plaintiffs failed to file a timely response to Defendants' motion, the court issued a paperless notice to counsel requesting that Plaintiffs "file a response or advise the court if no opposition will be filed[.]" (ECF No. 45). On May 1, 2018, Plaintiffs filed their response, (ECF No. 46), and on May 16, 2018, Defendants replied (ECF No. 47). On March 22, 2019, the court denied in part and granted in part Defendants' motion. (ECF Nos. 48, 49). The remaining claim alleges that Defendant Edwards used excessive force in violation of § 1983.

On April 16, 2019, the parties participated in a telephone conference with the court. (ECF No. 50, at 1). During the telephone conference, the parties agreed to a July 29, 2019 deadline for the pretrial order, motions *in limine*, joint proposed *voir dire* questions, joint proposed jury instructions, and joint proposed special verdict form. (*Id.*). The parties scheduled the pretrial conference for August 5, 2019. (*Id.*). On July 29, 2019, Defendant Edwards filed a proposed pretrial

2

order and noted that "Plaintiff[s] did not submit a draft pretrial order 14 days before July 29, 2019, as required by [Local Rule] 106.3[]" and "ha[ve] not submitted a draft pretrial order or any other documents required[.]" (ECF No. 56). The court again issued a paperless notice requesting that Plaintiffs advise the court and opposing counsel "[i]f [they] do not intend to prosecute this case, or if there is a good reason for [their] failure to comply with the schedule[.]" (ECF No. 58). Plaintiffs submitted their proposed pretrial statement on the day of the pretrial conference. (ECF No. 59). During the pretrial conference, Plaintiffs' counsel conceded that they were not ready for trial. (ECF No. 61, at 1–2; ECF No. 64, at 4–5). The court directed Plaintiffs' counsel to file a motion to postpone trial. (ECF No. 60). The court cautioned counsel that if it denied the motion to postpone, it would dismiss the case for failure to prosecute. (ECF No. 61, at 2; ECF No. 64, at 4).

On September 6, 2019, Plaintiffs filed the presently pending motion to continue. (ECF No. 61). Defendant responded on September 20, 2019, (ECF No. 64), and Plaintiffs replied on September 27, 2019 (ECF No. 65).

II. **Motion to Continue**

Plaintiffs seek a continuance, and a modification of the scheduling order, under Fed.R.Civ.P 16(b). "A schedule may be modified only for good cause and with the judge's consent."

3

Fed.R.Civ.P. 16(b)(4). "Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good[]cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *McMillan v. Cumberland Cty. Bd. of Educ.*, 734 F.App'x 836, 846 (4th Cir. 2018) (alterations, citations, and quotations omitted); *see also* 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1522.2 (3d ed.). "A party's assertion that further discovery is needed, without more, will not suffice." 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1522.2 (3d ed.). "Similarly, the failure to explain satisfactorily delays that led to the need for modification will result in a refusal to modify the order." *Id.*

Plaintiffs argue that good cause exists to modify the scheduling order and postpone trial for three reasons. First, Plaintiffs' counsel experienced technology issues resulting in a complete system crash and the subsequent loss of the "entire case including possible leads for witnesses and the like[.]" (ECF No. 61, at 2). Second, Plaintiffs' "efforts to secure an expert witness [were] futile." (*Id.*). Third, the continuance

4

would afford Plaintiffs "the opportunity to find more resources that will allow [them] [to] locate witnesses and perhaps add to [their] legal team." (*Id.*). Plaintiffs' lack of financial resources underlies the second and third grounds for postponement. (*Id.*, 2–3).

Defendant questions the applicability of the good cause standard "in view of the posture of this case." (ECF No. 64, at 5). Instead, Defendant argues that the "case should be dismissed because Plaintiff[s] ha[ve] failed to prosecute it with any degree of diligence from its inception." *Id.* Section III of this opinion addresses Plaintiffs' failure to prosecute.

Plaintiffs failed to show good cause to postpone trial. Plaintiffs' first argument is unavailing. The system crash occurred in July 2019. (ECF No. 65, at 3). While the crash may explain Plaintiffs' failure to provide materials for the pretrial conference promptly, it does not explain Plaintiffs' counsel's failures and lack of diligence up to that point. Plaintiffs contend that the crash caused them to lose "possible leads for witnesses[.]" (ECF No. 61, at 2). This suggests that Plaintiffs failed to contact or develop witnesses prior to July 2019. Indeed, at the pretrial conference, Plaintiffs conceded that they had not prepared witnesses, issued subpoenas, obtained the necessary documents to present their case, or secured an

5

expert witness. (ECF No. 64, at 4). These preparatory obligations existed years before July 2019. (ECF No. 42).

Plaintiffs' second and third arguments for postponement are similarly unconvincing. The discovery deadline in this case was February 16, 2018. (ECF No. 42). Plaintiffs did not file any requests for extensions of time to continue discovery. Moreover, Plaintiffs have not articulated how they would remedy their lack of preparedness with a postponement. The United States Court of Appeals for the Fourth Circuit addressed a similar situation in *Krodel v. Houghtaling*, 468 F.2d 887 (4th Cir. 1972). In *Krodel*, the Fourth Circuit affirmed a district court's denial of a plaintiff's motion for a continuance to contact material witnesses when "the record reveal[ed] that [the plaintiff] had neither interviewed nor subpoenaed any of the[] individuals[]" and "further indicate[d] that [the] plaintiff knew nothing of the testimony he expected to elicit from these witnesses[.]" 468 F.2d at 887–88. Plaintiffs failed to show good cause to postpone the trial and their motion to continue will be denied.

### III. Dismissal for Failure to Prosecute

During the pretrial conference, Plaintiffs admitted that they could not try the case if they did not obtain a postponement. Plaintiffs also acknowledged that absent a postponement, they faced dismissal for failure to prosecute.

6

Fed.R.Civ.P 41(b) provides: "If the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Federal trial courts have inherent authority to dismiss a plaintiff's action with prejudice for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461–62 (4th Cir. 1993). "[W]hen circumstances make such action appropriate, a [d]istrict [c]ourt may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]" *Link*, 370 U.S. at 632. "Dismissal with prejudice is a 'harsh sanction which should not be invoked lightly.'" *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). There are four factors to consider: "(1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp.*, 669 F.2d at 920 (quoting *Davis*, 588 F.2d at 70); *see also Black Water Marine Explorer LLC v. Unidentified Shipwrecked Vessel or Vessels*, 714 F.App'x 296, 297 (4th Cir. 2018).

Here, the third factor dominates the analysis. The facts preventing Plaintiffs from showing good cause to postpone the trial also demonstrate Plaintiffs' history of proceeding in a dilatory fashion. Plaintiffs repeatedly failed to proceed in a timely fashion at every instance in this case. They have not said how much more time they need or what they would do, specifically, with any additional time. The complaint will be dismissed with prejudice for failure to prosecute.

## IV. Conclusion

For the foregoing reasons, the motion to continue trial filed by Plaintiff will be denied and the case will be dismissed for failure to prosecute. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
